Talbert GARDNER, et al., Plaintiffs,

v.

MCI TELECOMMUNICATIONS CORP., Defendants.

No. 88 Civ. 6620(JES).

United States District Court, S.D. New York.

June 11, 1992.

Law Office of Harry Kresky (Harry Kresky, of counsel), New York City, for plaintiffs.

MCI Communications Corp. (Gloria Lett, of counsel), Washington, D.C., Epstein Becker & Green, P.C. (Kenneth J. Kelly, of counsel), New York City, for defendants.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

Defendant in the above-captioned action moves this Court to certify pursuant to 28 U.S.C. § 1292(b) this Court's order of March 9, 1992 granting a jury trial to all plaintiffs under the Civil Rights Act of 1991, Pub.L. 102–166, 105 Stat. 1071 (the "1991 Act"). For the reasons that follow, defendant's motion is denied.

## BACKGROUND

This race, national origin and sex discrimination action was filed by nine plaintiffs on September 26, 1988, asserting claims under 42 U.S.C. § 1981 and 42 U.S.C. § 2000e–5 ("Title VII"). On June 20, 1991, this Court held a hearing to determine whether plaintiffs' section 1981 claims

could be legally sustained in view of *Patterson v. McLean*, 491 U.S. 164, 109 S.Ct. 2363, 105 L.Ed.2d 132 (1989). At the conclusion of the hearing, the Court concluded that since some claimants could not meet the requirements of *Patterson*, those plaintiffs' section 1981 claims had to be dismissed. *See* Transcript dated June 20, 1991.

Subsequently, on November 21, 1991, Congress enacted the 1991 Act.[1] On January 15, 1992, plaintiffs moved to vacate the order dismissing their section 1981 claims and striking their jury trial demands. Defendant argued that the 1991 Act should not be applied retroactively and that plaintiffs' motion should therefore be denied. For the reasons given at the Oral Argument on March 5, 1992, this Court granted a jury trial to all plaintiffs on their Title VII claims, *see* Order dated March 9, 1992, a circumstance that obviated the need for the Court to reach the issue of whether the 1991 Act retroactively altered the standards enunciated in *Patterson*, upon which the Court had relied in dismissing the section 1981 claims.

## DISCUSSION

Section 1292(b) provides a means of appealing interlocutory orders where the order involves a controlling question of law as to which there is substantial ground for difference of opinion, and where an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b) (1988). Defendant contends that the March 9, 1992 order is properly certifiable under section 1292(b) because a ruling by the Second Circuit on the retroactivity issue would clarify the parties' rights and liabilities, ensure that the trial proceed before the correct trier of fact, and set precedent for the numerous district courts in which this issue is pending.

Although there is no dispute in this case that the issue of whether the jury trial provision of the 1991 Act applies retroac-

---

**1.** The 1991 Act, *inter alia*, in section 102(c), grants a jury trial to claimants under Title VII and, in section 101(b), amends section 1981 by defining the right to make and enforce contracts as "the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

tively is a question of law as to which there is substantial grounds for difference of opinion, defendant has not made a sufficient factual showing that resolution of this issue now will materially advance the litigation. Although defendant argues that a ruling by the Second Circuit on this issue now would increase the prospect of settlement, the history of this case supports the opposite conclusion.[2]

## CONCLUSION

Accordingly, for the reasons given above, defendant's motion for § 1292(b) certification is denied.

It is SO ORDERED.

---

**2.** As stated previously, on June 20, 1991, this Court granted summary judgment against five of the nine plaintiffs on their section 1981 claims and set a firm date for a jury trial as to the four remaining plaintiffs' section 1981 claims, with a subsequent bench trial to be held for the Title VII claims. The case did not settle. If the Second Circuit were to hold that the 1991 Act does not operate to retroactively grant a jury trial right under Title VII, this case would be in the same posture that it was at that time. The Court therefore has no basis to believe that the settlement posture would be any different as a result of an interlocutory appeal.